IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAZ LINK, #K59744,<br>           Plaintiff,<br><br>v.<br><br>H. HOOD,<br>F. LAWRENCE,<br>JOHN DOE, *placement officer,* and<br>COUNSELOR PRICE,<br><br>           Defendants. | Case No. 20-cv-00068-MAB |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Kaz Link an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims he has been subjected to unconstitutional conditions of confinement and seeks monetary damages and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d

---

[1] The Court has jurisdiction to screen Link's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

816, 821 (7th Cir. 2009).

## THE COMPLAINT

Link alleges the following: He is currently being housed in unconstitutional conditions in the segregation unit of North 2 cell house at Menard. (Doc. 1). He was also subjected to inhumane conditions when he was previously housed in North 1 cell house. The cells in both North 1 and 2 cell houses are shockingly small. Despite a court ruling that mandated one inmate per cell in North 1 cell house, Menard officials continue to house two inmates per cell in both North 1 and 2 cell houses, which are identical in size.

Around June 3, 2019, Link requested to be moved to a one-man cell. He was informed that the placement office would conduct all "one-man moves" by July 1, 2019. Link continues to be unlawfully housed, however, in a small cell with another inmate. Because of the conditions, he suffers from depression, high levels of stress, claustrophobia, headaches, lack of sleep, and loss of appetite. He is unable to properly stretch and exercise and has suffered painful injuries, including a blood clot in this right leg and a should injury.

## DISCUSSION

The Court finds that the Complaint, as currently drafted, fails to state a claim upon which relief may be granted. Link identifies Counselor Hood, Warden Lawrence, Placement Officer John Doe, and Counselor Price as defendants in the case caption, but he does not describe how the defendants violated his constitutional rights. In fact, none of the defendants are referenced in the statement of claim at all. He mentions speaking with a counselor but does not identify the counselor by name. Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Link has failed to associate his claims with any of the named defendants, the Complaint will be dismissed.

In light of these deficiencies, the Complaint does not survive preliminary review and shall be dismissed. If he wishes to pursue his claims, Link must file an amended complaint describing *how* the defendants, named as a party in the case caption, violated his rights, keeping in mind that in Section 1983 actions, there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Finally, if Link does not know the name of an individual, he can refer to him or her by Doe designation but must identify the act(s) or omission(s) of each Doe defendant in the statement of claim (for example John Doe #1 did X and John Doe #2 did Y).

### MOTION FOR APPOINTMENT OF COUNSEL

Link has filed a Motion for Appointment of Counsel (Doc. 3), which is **DENIED**.[2] He states that, in an attempt to recruit counsel on his own, he has mailed letters to attorneys but has not received any responses. This is not sufficient information for the Court to determine if Link has made a reasonable effort to obtain counsel on his own, and

---

[2] In evaluating Link's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

so, he has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Should he choose to move for recruitment of counsel at a later date, the Court directs Link to include in the motion the names and address of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

**IT IS ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim for relief. The Motion for Recruitment of Counsel is **DENIED**. (Doc. 3).

Link is **GRANTED** leave to file a "First Amended Complaint" on or before **August 3, 2020**. Should Link fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Link's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Link use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00068-MAB). To enable Link to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own

without reference to any previous pleading. Link must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Link is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Link files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Link is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 6, 2020**

/s/ Mark A. Beatty
**MARK A. BEATTY,**
**United States Magistrate Judge**