IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAZ LINK, #K-59744, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 20-068-MAB |
| | ) |
| H. HOOD, | ) |
| F. LAWRENCE, | ) |
| MS. PRICE, | ) |
| JOHN/JANE DOE (Placement Officer), | ) |
| and ROB JEFFREY, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

Plaintiff Kaz Link, a state prisoner currently incarcerated at Menard Correctional Center ("Menard") in the Illinois Department of Corrections ("IDOC"), filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Docs. 1, 12). He claims Defendants have housed him in unconstitutional conditions of confinement and seeks monetary damages and injunctive relief.

This case is now before the Court for a preliminary merits review of the First Amended Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief,

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE FIRST AMENDED COMPLAINT

Plaintiff makes the following allegations in the First Amended Complaint: He is currently being housed in unconstitutional conditions in the segregation unit of North 2 cell house at Menard. (Doc. 12, p. 6). He was also subjected to inhumane conditions when he was previously housed in North 1 cell house. The cells in both North 1 and 2 cell houses are "shockingly small" and designed to house only one inmate. (Doc. 12, pp. 6, 7). Despite a court ruling that mandated one inmate per cell in North 1 cell house, Menard officials continue to house two inmates per cell in both North 1 and 2 cell houses, which are identical in size.

Around June 3, 2019, Plaintiff requested to be moved to a one-man cell. He spoke to Counselor Hood and Ms. Price but neither took any action. Price told Plaintiff that per Warden Lawrence, all "one man moves" would be conducted by July 1, 2019. Plaintiff was not moved by that date, so he wrote to the John/Jane Doe Placement Officer and to Lawrence. Neither responded. Plaintiff verbally informed these individuals about his conditions of confinement, but no changes were made.

As a result of being housed in the tiny cell, Plaintiff has suffered from depression, stress, claustrophobia, headaches, lack of sleep, and loss of appetite. He cannot properly stretch or exercise and has suffered painful injuries including a blood clot in his right leg

and a shoulder injury. (Doc. 12, p. 6).

Plaintiff seeks preliminary and permanent injunctive relief ordering Defendants to cease the double-celling in North 1 and 2, and requests monetary damages for the violation of his Eighth Amendment rights. (Doc. 12, pp. 7-8).

## PRELIMINARY DISMISSAL

Plaintiff names Rob Jeffrey (IDOC Director) among the Defendants, but does not include any factual allegations against him in the statement of claim to set forth what Jeffrey did or failed to do that violated his constitutional rights. (Doc. 12, pp. 2, 6). He merely states the legal conclusion that Jeffrey exposed him to conditions that violated his Eighth Amendment rights. (Doc. 12, p. 7). This is not sufficient to state a constitutional claim against Jeffrey, thus he will be dismissed from the action without prejudice.

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference claim against Hood, Lawrence, Price, and the John/Jane Doe Placement Officer for housing Plaintiff with another inmate in a cell designed for only one person, where Plaintiff had too little space to exercise or maintain normal health.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading**

**standard**.[2]

## Count 1

The allegations in the Complaint are sufficient to state an Eighth Amendment deliberate indifference claim in Count 1 against Defendants Hood, Price, Lawrence, and the John/Jane Doe Placement Officer for subjecting him to unconstitutional conditions of confinement. Plaintiff alleges that he developed a blood clot and a shoulder injury, as well as other symptoms, as a result of his prolonged placement with another inmate in the small cell where he could not exercise or stretch. He informed Defendants of these issues, and further alleges that Defendants failed to comply with a prior court ruling directing that only one inmate be housed in the same-sized cells in North 1. Despite this information, Defendants took no steps to remedy Plaintiff's housing conditions.

The mere practice of double celling is not *per se* unconstitutional. However, the Seventh Circuit has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened." *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986). *See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (conditions violate the Constitution if they deny a prisoner "the minimal civilized measure of life's necessities"). Count 1 shall proceed for further consideration, but Plaintiff must identify the John/Jane Doe Placement Officer by name before service can be made on this Defendant.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### JOHN/JANE DOE DEFENDANT

Plaintiff is responsible for conducting discovery (informal or formal) aimed at identifying the unknown "John/Jane Doe" Placement Officer, in accordance with the discovery order that will be entered by the Court. Once the name of the unknown Defendant is discovered, Plaintiff must file a motion to substitute the newly identified Defendant in place of the generic designations in the case caption and throughout the Complaint.

### DISPOSITION

**IT IS HEREBY ORDERED** that Defendant **JEFFREY** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 1** against Hood, Lawrence, Price, and the John/Jane Doe Placement Officer survives preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed for further consideration.

The Clerk of Court shall prepare for Defendants **HOOD, LAWRENCE,** and **PRICE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 12), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health

Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: December 8, 2020**

*/s/ Mark A. Beatty*
**MARK A. BEATTY**
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.